THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIVIAN YOUNG, ) | 8:14CV15 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

On April 20, 2015, this Social Security case was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On July 20, 2015, Plaintiff was awarded attorney fees in the amount of $5,967.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA")—an amount which was subject to a $1,022.00 offset to satisfy a federal debt Plaintiff owed to the United States—for a total of $4,945.00. Now pending before the court is a motion filed by Plaintiff's counsel for an award of attorney fees under 42 U.S.C. § 406(b)[2] in the amount of

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such

$8,161.00. (Filing 26).

In support of the Section 406(b) motion, Plaintiff's counsel has filed evidence establishing that he and Plaintiff entered into a fee agreement on January 8, 2014, providing for a contingent fee equal to 25% of all past-due benefits awarded (Filing 26-1); that, after a supplemental hearing on remand, Plaintiff was found disabled as of January 18, 2011 (Filing 26-2 at p. 1); that on January 9, 2017, the Social Security Administration ("SSA") issued to Plaintiff's counsel an Authorization to Charge and Collect Fee in the amount of $9,200 from the SSA, but advised counsel that any amount of those funds already paid to counsel through the EAJA must be refunded to the claimant (Filing 26-3); and that a total of 31.2 hours of attorney time were devoted to this matter between November 28, 2013, and October 16, 2014 (Filing 26-6). Thus, counsel's "hypothetical hourly rate" is approximately $261.57 ($8,161.00 ÷ 31.2 hours).

The Commissioner "agrees with the Plaintiff's motion that the remaining attorney fee pursuant to section 206(b), 42 U.S.C. § 406(b) of the Act, would be equal to $8,161.00" and the Commissioner "has no objection to an award under §406(b)." (Filing 27 at CM/ECF pp. 1-2.) However, the Commissioner reminds the court that Plaintiff's counsel must refund to Plaintiff the smaller amount of attorney fees counsel has received under the EAJA for the same work, and that the court must independently assess the reasonableness of the fee requested. (Filing 27 at CM/ECF p. 2.)

Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id.* Also, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of

---

representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A).

2

such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186." *Id.* at 796.

Plaintiff's counsel in effect requests $261.57 per hour for 31.2 hours of work on Plaintiff's Social Security case, which counsel took on a contingent-fee basis. Plaintiff consented to this contingency-fee arrangement in writing (Filing 26-1) and specifically agreed that her attorney "shall charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to me *and my family* in the event my case is won." (Filing 26-1 (emphasis in original).) The amount requested is reasonable, especially considering the excellent results obtained, counsel's significant level of experience in Social Security cases, the inherent risk for counsel in a contingency-fee arrangement, and the fact that the government does not object to such an award. *See Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) ("a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high . . . . Thus, when a lawyer wins having proceeded on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate"; awarding $10,288.50 under section 406(b) for 29.4 hours of work); *Kellen v. Astrue*, No. 4:11CV3002, 2014 WL 128303 (D. Neb. Jan. 13, 2014) (approving attorney fee of $12,507.25 for 27.9 hours of work, equal to $448.28 per hour); *Sahs v. Astrue*, No. 4:10CV3161, 2012 WL 2856482 (D. Neb. July 11, 2012) (approving attorney fee of $14,790.97 for 43.35 hours of work, equal to $341.19 per hour).

Accordingly, I shall grant the motion for attorney fees filed by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) (Filing 26) in the amount of $8,161.00, and I shall order counsel to refund to Plaintiff the $4,945.00 in attorney fees previously awarded under the EAJA.

IT IS ORDERED:

1.	The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Filing 26) filed by Plaintiff's counsel is granted, and the Commissioner of Social Security shall distribute to Plaintiff's counsel, from the amount withheld from Plaintiff's past-due benefits for the payment of attorney fees, the sum of $8,161.00;

2.	Plaintiff's counsel shall refund to Plaintiff the sum of $4,945.00, which is the amount of attorney fees previously awarded to counsel under the EAJA, and shall provide the Commissioner with documentation showing that the EAJA attorney fee award has been refunded to Plaintiff;

3.	Judgment shall be entered by separate document.

DATED this 14th day of March, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge